Case 60.—ACTION BY ANNIE E. FOWLER AGAINST THE LOUISVILLE & NASHVILLE RY. CO., FOR DAMAGES FOR PERSONAL INJURY IN EJECTING HER FROM ITS TRAIN.—Oct. 10.

## Louisville & Nashville R. R. Co. v. Fowler.

Appeal from Nelson Circuit Court.

Samuel E. Jones, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Railroads—Ejecting a Passenger—Allegations—Cause of Action —In an action against a railroad company for damages in ejecting plaintiff from its train for failure to pay her fare or to present her ticket which she claimed she had lost, the court properly allowed the plaintiff to file an amended petition alleging that the conductor rudely and roughly grabbed her by the arm and jerked her from her seat and roughly ordered her from the train, as the petition as amended presented but one cause of action.

2. Erroneous Instruction—In an action by one claiming to be a passenger, for damages for being wrongfully ejected from a train, by its conductor, it was error in the court to instruct the jury that if they find that the conductor was insulting in manner, word or tone toward plaintiff or rudely or roughly grabbed her by the arm or used more force than was necessary to put her off the train, they should find for plaintiff damages in any sum not exceeding $3,000 for ejecting plaintiff from the train.

3. Proper Instructions—The jury should have been told that defendant had the right to eject plaintiff if she produced no ticket or tendered no fare, and could not recover for being so ejected, but, that her right of recovery, if any, was based upon some injury received by her at the hands of the conductor while he was expelling her from the train, or because of some insult or indignity offered her while being expelled by him.

4. Same—In such an action the jury should have been instructed that if they believed from the evidence that the plaintiff was wrongfully ejected, she should recover such sum as will compensate her for the loss of time, if any, and for the pain and

Fowler v. Louisville & Nashville R. R. Co.

suffering she endured, if any, by reason of undue or unneces-
sary force, if any, used by the conductor, or the humiliation
and mortification, if any, which she suffered because of the
use of abusive or insulting language to her by the conductor,
if any, while ejecting her from the train.

5.  Excessive Verdict—The sum of $1,000 awarded as damages in
this case is excessive.

BENJAMIN D. WARFIELD and JOHN S. KELLEY for ap-
pellant.

POINTS AND AUTHORITIES DISCUSSED.

1. There is a remarkable variance between the pleadings and
the testimony.  Appellee alleged she had a ticket, and so told the
conductor, but she testified that she believed she had lost her
ticket before boarding the train, and that she told the conductor
she had no ticket or money.  On her own testimony it was obvious-
ly the conductor's right and duty to eject appellee from the train,
as she was a trespasser thereon.

2. Even if some one did offer to pay appellee's fare, it was after
the conductor had made a special stop of the train for the purpose
of ejecting appellee, and after she was off the train therefore the
tender, if any, came too late.  Any testimony on this point should
have been excluded.  (L. & N. R. Co. v. Breckenridge, 99 Ky.
1; Hutchinson on Carriers, Sec. 591, 5 A. & E. Ency. Law, 597.)
The testimony showed that neither appellee nor the conductor heard
any such offer made until appellee was off the train and it had
started again; and, furthermore, no tender of appellee's fare was
made to the conductor by anyone.  An offer to pay is not a tender.
The money must be tendered.

3. The court erred in refusing to permit the conductor to testify
that he had been a conductor for fifteen years.  (Crane Co. v.
Columbus Construction Co., 73 Fed., on p. 989; McGuerty v.
Hale, 63 N. E., 682; Lewis v. Emory, 66 N. W., 569; Clark v.
Com., 111 Ky., on p. 461.)

4.  The court erred in admitting testimony as to appellee having
purchased a ticket before boarding the train at Bardstown, and as
to her lost pocketbook and ticket having been subsequently found
on the train at Louisville and returned to her, because the conductor
had a right to rely upon what appellee told him, and she admits
she told him she had lost her pocketbook and had no ticket or
money.  Therefore, she had no right to ride on the train, and
she can no more complain of rude treatment that she can for being
ejected, as she had no contract right to protection.  (L. & N. R.
Co. v. Ballard, 85 Ky., 307.)

Fowler v. Louisville & Nashville R. R. Co.

5. The court erred in admitting testimony as to the distance appellee walked to her home after being ejected from the train. The ejection being lawful, appellant is not responsible for the walk taken by appellee, nor for any of the consequences thereof.

6. The conductor used no more force than was necessary. Such force as was used appellee brought upon herself by her own wrong in combating the conductor's request of her to leave the train. (Townsend v. R. Co., 56 N. Y., 295.)

7. The instructions are erroneous and materially prejudicial in various respects, especially in failing to instruct the jury as to the elements they might consider in awarding appellee compensatory damages. (Parker v. Jenkins, 3 Bush, 587; L. & N. R. Co. v. Logsdon, 114 Ky., 746, 752; Ib. v. Hall, 115 Ky., 567; Carson v. Singleton, 23 R., 1626; Muldraugh's Hill Turnpike Co. v. Manpin, 79 Ky., 101; L. C. & L. R. Co. v. Case, 9 Bush, 736; Shearman & Redfield on Negligence, Sec. 758; St. Louis & S. F. Ry. Co. v. Trimble, 15 S. W., 899.) The testimony did not justify an instruction authorizing the jury to award punitive damages. (L. & E. Ry. Co. v. Lyons, etc., 104 Ky., 28; Southern Ry. Co. in Ky. v. Goddard, 28 R., 523, 527; Hutchinson on Carriers, Sec. 815a, 812; Southern Ry. Co. in Ky. v. Hawkins by etc., 28 R., 364.)

8. The conductor's manner toward appellee is not actionable. (Rose et ux. v. R. Co., 11 S. E., 526.)

9. On failure to tender the conductor a ticket or pay her fare on demand, appellee became a trespasser, if she was not so before in remaining on the train after she discovered the loss of her ticket and pocketbook, and appellant owed her only such care as is due to trespassers. (3 Thompson Neg. Sec. 3217; Bennett v. R. Co. 7 Phila. Reports, 11; C. & A. R. Co. v. Willard, 31 Ill., App. 435; Ripley v. New Jersey R. & T. Co., 31 N. J. Law, 388; Crawford v. C. H. & D. R. Co., 26 Ohio St., 580; Hibbard v. N. Y. & E. R. Co., 15 N. Y., 455; Lillis v. St. L., K. C. & N. R. Co., 64 Mo., 464; Mahoney v. Detroit St. Ry. Co., 18 L. R. A., 235; Mackay v. Ohio River R. Co., 9 L. R. A., 132 and cases cited in note; 5 A. & E. Ency. of Law, pp. 497, 498 and notes thereto; Harrison v. Fink, 42 Fed. 787; L. W. & W. R. Co. v. Brooks' Admr., 81 Ill., 245; Eaton v. D. L. & W. R. Co., 57 N. Y., 382; Powers v. B. & M. R. Co., 153 Mass., 188; Ry. Co. v. Moore, 49 Texas, 31; McVeety v. St. P. M. & M. R. Co., 45 Minn., 268; R. & D. R. Co. v. Burnsed, 35 Am. Rep. 656; A. T. & S. F. Co. v. Headlan, 33 Pac. 185; T. P. R. Co. v. Black, 27 S. W., 118; Brevig v. C. St. P. M. & O. R. Co., 66 N. W., 401; U. P. Ry. Co. v. Nichols, 8 Kas., 505; L. & N. R. Co. v. Halley, 27 L. R. A., 549; Dalton's Admr. v. L. & N. R. Co., 22 R., 97; L. & N. R. Co. v. Thornton, Ib. 778, 6 Cyc., 538; Way's Admr. v. C. R.

I. & P. R. Co., 19 N. W., 828; L. N. A. & C. v. Thompson; 107 Ind., 442, 57 Am. Rep. 120; C. B. & Q. R. Co. v. Mehlsack, 131 Ill., 61, 19 Am. State Rep., 475; Comdran's Admr. v. C. M. & St. P. R. Co., 28 L. R. A., 749; I. C. R. Co. v. Mecham, 19 S. W. 232; C., N. O. & T. P. R. Co.'s Receiver v. Jackson, by etc., 22 R., 630; Hutchinson on Carriers, Sec. 555.)

NAT W. HALSTEAD, MORGAN YEWELL and F. E. DAUGHERTY, for appellee.

1. The only question submitted to the jury by the court in the case by the several instructions given by the court was as to whether the appellant's conductor used more force than was necessary in ejecting appellee from the train or was insulting and rude and boisterous in manner towards appellee when ejecting her from the train. Now, we submit that under the law appellee was clearly entitled to this much.

2. The conductor was at the time when he was talking to appellee and ejected her from the train, rude, rough and insulting in his manner and conduct towards appellee; that he used much more force than was necessary in ejecting her from the train; that he in a rude, rough and insulting manner grabbed her by her left arm and jerked her up out of her seat. It was not necessary for him to have used any force at all in ejecting her from the train.

3. The instructions given by the court were more liberal to appellant than the law justified for the reason that the testimony in the case entitled appellee to have the jury instructed that if they believed from the evidence that any one present offered to pay her fare before she was ejected from the train, then that said conductor had no right or authority to eject her from said train.

AUTHORITIES CITED.

Sherman & Redfield, 5th edition, sections 490-491, 88th Ky. page 547.

OPINION BY JUDGE LASSING—Reversing.

This is an appeal from a judgment of the Nelson circuit court rendered on the verdict of a jury, October 30, 1905, against appellant for $1,000. The petition alleges that the plaintiff, Annie Elizabeth Fowler, purchased a ticket from appellant's agent at Bardstown, Nelson county, Ky., which ticket entitled her to passage on appellant's trains to Hunter's Depot, in

said county; that she paid the price charged for said ticket, 11 cents, and boarded the train; that shortly after taking passage on said train the conductor in charge of the train, in a rude and boisterous and insulting manner, demanded of plaintiff her ticket; that plaintiff was at the time so excited that she could not find her ticket, and that she told the conductor she had lost it; that thereupon he refused to permit her to ride further, and in a rude, insulting, and rough manner ejected her from the train, without giving her a reasonable opportunity to search for her ticket, to her damage in the sum of $3,000. By an amended petition, plaintiff alleges that the conductor rudely and roughly grabbed her by the arm, and jerked her from the seat, and rudely and roughly ordered her from the train, and refused to permit her to ride further, and, although other persons offered then and there to pay her fare for her, he ejected her from said train. Appellant moved the court to strike the amended petition from the record, to require plaintiff to elect whether she would prosecute her action for being ejected from the train, or for assault and battery, and to make her petition more specific. All of these motions were overruled, as was defendant's demurrer to the petition as amended. Defendant answered denying every allegation of the petition as amended, and pleading affirmatively that plaintiff rode upon its car without producing a ticket, or tendering her fare; that at the time and place specified in the petition the conductor demanded of plaintiff her ticket or payment of her fare, and upon her refusal to produce her ticket or pay her fare he stopped the train, and helped her off. The affirmative allegations of the answer were, by agreement, controverted of record.

On the trial of the case the plaintiff proved that in October, 1904, she bought a ticket, for which she paid 11 cents, entitling her to passage on defendant's train from Bardstown to Hunter's, a distance of about 5

miles, and that she boarded the morning train about 6
o'clock in the morning at Bardstown; that shortly
thereafter she discovered that she had lost her ticket
and her purse containing 14 cents, all the money she
had with her; that when the train had passed Naza-
reth Station the conductor came to her and demanded
her ticket; that his tone of voice was harsh and his
manner abrupt, so much so that she became excited
and told him that she had lost her ticket, and had no
money; that she was going to Hunter's, and that she
would borrow the necessary money from an acquaint-
ance at Hunter's and pay him, but that he told her
she must either pay or get off; that she being unable
to pay, he stopped the train, and put her off.  That
the conductor took hold of her arm roughly, and
pulled her from her seat; that she walked to the door,
and the brakeman helped her off the car; that she was
so worried and excited by the treatment of the conduc-
tor, and so humiliated at being ejected from the train,
that she was sick for some time, and could not sleep
for three or four days.  Several other witnesses testify
that the conductor, in taking hold of the plaintiff,
seemed rough in his treatment of her, and that his talk
was abrupt.  A gentleman passenger testified that
when the conductor was about to put the plaintiff off
the car he offered to pay her fare, but neither the
plaintiff nor the conductor acted like they heard him.
A lady passenger, about the time plaintiff was put
off the car just before or just after—told the conduc-
tor that she would pay the fare, but the conductor said
she was "already off."  One witness testified that the
conductor said to the plaintiff he would put her off
and let her hunt her pocketbook.  The pocketbook and
ticket were afterwards found in the seat occupied by
plaintiff.  The conductor denied that he was rough or
rude in his treatment of plaintiff; said that he took
hold of her arm gently, for the purpose of assisting her
up out of the seat; that he did not jerk her or pull her,

and that he only spoke in a moderate tone of voice to her; and his testimony is corroborated by the brakeman and one gentleman passenger.

At the conclusion of the testimony the defendant moved for a peremptory instruction, which motion was overruled, and the court gave the following instructions to the jury: "(1) Although you may believe from the evidence that defendant's conductor demanded plaintiff's ticket, and that when said demand was made plaintiff failed or refused to produce her ticket or pay her fare; yet if you further believe from the evidence that said conductor was insulting in manner, words, or tone towards her, or that he rudely and roughly grabbed her by the arm while she was sitting in her seat, or used more force than was necessary to put her from the train (if any force was necessary for that purpose), you should find for the plaintiff damages in any sum not exceeding $3,000, the amount sued for. (2) If the jury believe from the evidence that the defendant's conductor demanded of plaintiff her ticket, and that on said demand being made the plaintiff failed, or refused, to produce her ticket or pay her fare, then said conductor had the right to eject her from the train, using no more force than was necessary to eject her from the train; and unless you believe from the evidence he used more force than was necessary to eject her from the train, or that he was rude, insulting, rough or boisterous in manner towards her, you should find for defendant. (3) If you believe from the evidence that defendant's conductor in charge of its train was insulting in his manner, words, or tone towards plaintiff, or that he rudely and roughly grabbed her by the arm, while she was sitting in her seat, then you may, in addition to compensatory damages, award her punitive damages in any sum you may deem proper, not exceeding in all more than $3,000. (4) Nine or more jurors concurring may render a ver-

dict, but if a verdict is rendered by any less number than the entire jury, all concurring in the verdict must sign the verdict.''

The defendant objected to the giving of each of these instructions, and offered certain other instructions, which were refused by the court. The jury returned a verdict of $1,000 for plaintiff. Judgment was entered, and this appeal is prosecuted from that judgment.

Many errors are complained of in the motion and grounds for a new trial and in the bill of evidence. The court properly overruled defendant's motion to strike from the record the amended petition, for in it plaintiff merely set out more fully her cause of action attempted to be set up in her petition; and as the petition as amended set up but one cause of action, the several motions by defendant to require plaintiff to elect which cause of action she would prosecute, and to make her petition more specific in naming persons who offered to pay her fare, should have been overruled. The facts set out in the petition as amended constituted a cause of action, and the demurrer should have been overruled, as it was. Where there is any evidence in support of the allegations of the petition, a peremptory instruction will not be given. In this case there was evidence to support the allegations of the petition, and the defendant was not entitled to a peremptory instruction.

The first instruction given by the court was confusing and misleading. In this instruction, if the jury should find that the conductor was insulting in manner, word, or tone toward plaintiff, or rudely or roughly grabbed plaintiff by the arm, or used more force than was necessary to put her off the train, then they should find for plaintiff damages in any, sum not exceeding $3,000 for ejecting plaintiff from the train. This is error highly prejudicial to the rights of the defendant company. Plaintiff's right to re-

cover is based, not upon her being ejected from the train of defendant, but for the undue force, if any, used by defendant's conductor while ejecting her, and for any insult or indignity offered her by the conductor while ejecting her. The jury should have been told that, under the proof, defendant had the right to eject plaintiff from its train, if she produced no ticket or tendered no fare, and that in no event could she recover anything for being so ejected; but that her right of recovery, if any, was based upon some injury received by her at the hands of the conductor while he was expelling her from the train, or because of some insult or indignity offered her by the conductor while being expelled from the train.

Appellant urges with much earnestness that it was entitled to an instruction defining compensatory damages. We are of opinion that such an instruction should have been given; but as appellant offered no such instruction, it cannot now be complained of that it was not given. Compensatory damages in this case is such sum as will compensate plaintiff for the loss of time, if any, and for the pain and suffering she endured, if any, by reason of undue and unnecessary force, if any, used by the conductor in ejecting her from the train; or the humiliation and mortification, if any, which she suffered because of the use of abusive or insulting language toward her by the conductor while ejecting her from the train.

We are further of the opinion that the damages awarded in this case are excessive, due, perhaps, to the fact that the jury was not properly instructed as to plaintiff's right of recovery.

For the reasons given, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.