# Cincinnati, New Orleans & Texas Pacific Railway Company v. Dungan.

(Decided January 7, 1915.)

## Appeal from Harrison Circuit Court.

1. Trial—Practice.—Where the instructions to the jury have been stricken from the record, the only questions left for consideration are whether the pleadings support the judgment and the verdict is warranted by the proof.

2. Pleading—Discretion of Trial Court.—The only limitation upon the discretion of the trial court in allowing pleadings to be filed is that they must be in furtherance of justice, and must not change substantially the claim or defense.

3. Negligence.—Where guard rails to a bridge or its approaches are clearly necessary for the safety of travelers, a failure to erect or properly maintain them is actionable negligence.

4. Verdict.—A verdict of a jury will not be reversed unless it is clearly and palpably against the weight of the evidence.

J. T. SIMON for appellant.

M. C. SWINFORD and E. H. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

In building its railroad near Hinton Station, in Harrison county, appellant caused it to intersect the Mulberry turnpike road, leaving a cut about 30 feet deep at the point of intersection. The turnpike had been a public highway for many years before the railroad was built; and, in order to preserve the highway, the appellant built a bridge over the cut, with appropriate approaches, protected by suitable guard rails and barriers across appellant's right of way. When constructed, many years ago, these guard rails were strongly built of posts and boards to the height of about six feet.

On the third Sunday in August, 1912, the appellee, Desman Dungan, had attended church in the neighborhood and was returning home about eleven o'clock at night, driving a horse attached to a buggy in which he was riding. When Dungan approached the bridge, and while on the right of way of appellant, his horse became unruly, and refused to cross the bridge; and, in his effort to turn, the buggy was upset and Dungan thrown over the embankment into a ditch at the bottom. He brought

this action to recover damages for his personal injuries, and recovered a judgment for $2,500.00. The defendant appeals.

As the instructions have heretofore been stricken from the record, the only questions left for consideration are, whether the pleadings support the judgment, and the verdict of the jury is warranted by the proof. Tinsley v. White, 21 Ky. L. R., 1151, 54 S. W., 169; Forest v. Crenshaw, 81 Ky., 51.

It is insisted that the petition does not state a cause of action.

Under Sub-section 5 of Section 768 of the Kentucky Statutes, it was the duty of appellant to restore the turnpike and maintain its integrity as a highway; and in this connection it is proper to say that appellant in no way denies its duty in this respect.

The rule of law requiring guard rails and barriers to be maintained for the protection of the public is stated in 4 R. C. L., p. 217, as follows:

"If guard rails are reasonably necessary for the safety of travelers and their property in crossing a bridge, then the owners are liable for an injury which is caused by a failure to construct them. The guard rails, furthermore, should be effective for the purpose for which they are constructed. They should be reasonably strong, and maintained so as to withstand the ordinary weights and forces to which they are subjected, and the safeguard should be suited to the character of its ordinary traffic.   *   *   *   And the absence of barriers to an approach of a bridge may be the proximate cause of injury even where there is a defect in the equipment of the traveler, as where, for example, his horse was blind and walked off a side of the bridge during a time when the driver lost consciousness."

The same rule is laid down in 5 Cyc., 1101, as follows:

"Where guard rails to a bridge or its approaches are clearly necessary for the safety of travelers, a failure to erect or properly maintain them is negligence, for which the municipality or company charged with the duty to maintain the bridge is liable to a party who, in the observance of due care, is injured by reason of such neglect. This is true, notwithstanding the shying, backing, or unruly and unmanageable conduct of the traveler's horse may have contributed to the accident; the rule being that the liability accrues if the injury would not

have happened had there been a proper and sufficient guard. Whether a bridge is so situated or is such a structure that railings are necessary to make it reasonably safe for travel is usually a question of fact for the jury.''

Turning to the petition for the purpose of testing its sufficiency, and disregarding its mere formal allegations, we find it is alleged that appellant constructed the bridge from which Dungan was thrown many years ago, and protected it by a strong fence and barricade leading up to the bridge; that at the time of the injury complained of, and continuously for a long time prior thereto, the appellant company, through the gross carelessness and negligence of its officers, agents and employes, did suffer and permit a gap in said barricade for a distance of about 20 feet to remain down so as to expose the public highway to the precipice; that on the day in question Dungan's horse became frightened and jumped through the said gap and caused Dungan to be thrown violently over the embankment, as above stated, severely injuring him; and that the appellant company knew, or by the exercise of reasonable diligence could have known, the dangerous condition of the right of way.

By an amended petition, tendered and filed at the close of the evidence for the purpose of conforming to the proof, it is alleged that the horse driven by Dungan at the time of the injury was an ordinarily gentle horse, and was carefully driven by Dungan on that occasion.

It is insisted, however, that the court should not have permitted appellee to file the amended petition when he did; and, further, that upon sustaining the motion to file it the trial should have been postponed.

The evidence fully sustained the allegations of the amended petition, and it cannot be said that appellee was in any way surprised or prejudiced by it. Section 134 of the Civil Code of Practice provides that the court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading to be amended by conforming the pleading to the facts proved, if the amendment does not change substantially the claim or defense. In City of Louisville v. Lausberg, 161 Ky., 364, it was declared that the only limitation upon the discretion of the trial court in allowing pleadings to be filed is that they must be in furtherance of justice, and must not change substantially the claim or defense. The

amendment in this case was properly filed; it in no way violated the rule above announced.

Without elaboration, it is sufficient to say that the petition charged gross carelessness and negligence upon the part of appellant's servants and agents in permitting the gap in the barrier through which appellee fell to remain open for a long time previous to the accident; that appellant knew, or by reasonable diligence could have known, the dangerous condition on its right of way, and that appellee was carefully driving a gentle horse. Under the rule of law applicable to cases of this character, the petition stated a cause of action.

It is contended, however, that the verdict of the jury is not warranted by the testimony, in that it is excessive. There was ample evidence to sustain the charges of negligence. It is true that Dungan escaped without any broken bones; but it is also true that his injuries were very serious. As above stated, the accident occurred about eleven o'clock on Sunday night. Dungan was found the next morning lying in the ditch at the bottom of the embankment in an unconscious condition. He remained unconscious until four o'clock on the afternoon of the following Wednesday. He was confined to the house for about a month, and evidently sustained severe, and probably permanent, injuries in his back and hip. He was injured in the head and has continuously suffered from his kidneys. The extent of his injuries is yet uncertain. Under this evidence it was the peculiar province of the jury to fix the amount of the recovery; and, as it is not clearly and palpably against the weight of the evidence, we would not be justified in disturbing it. Bell v. Keach, 80 Ky., 42; Thompson v. Thompson, 93 Ky., 435; Adams Express Co. v. Tucker, 161 Ky., 741.

Judgment affirmed.