## Pennyroyal Fair Association v. Hite.

(Decided September 29, 1922.)

## Appeal from Christian Circuit Court.

1. Appeal and Error—Instructions—Bill of Exceptions—Instructions in order to become a part of the record must be made so by an order of court or by a bill of exceptions; and in the absence of either method the only questions for determination on appeal are, whether the pleadings are sufficient to support the verdict and judgment and whether the evidence is likewise sufficient for that purpose.

2. Bailment—Special Contract For.—It is competent for the parties to a bailment of personal property to enter into a special contract, and when done their rights will be governed by the terms of that contract. Plaintiff paid the charged fee for putting his automobile into the enclosure of the defendant, a fair association, during one of its exhibitions. He claimed to have entered into a special contract with the gatekeeper whereby, in consideration of the payment of the fee charged, the association would be responsible for the safety of his automobile placed in the enclosure. It was stolen and plaintiff never recovered it. Held, that the evidence, as set out in the opinion, was sufficient to authorize the verdict finding that such special contract was made and that defendant's agent, who made it, was apparently vested with authority to do so, since his act in so doing came within the apparent scope of his authority and defendant cannot be excused on the ground that he had secret instructions not to do so.

3. Trial—Instructions—Failure to Instruct.—One cannot complain in a civil case of the failure of the court to instruct on an issue when he offered no instruction upon that issue, nor can he complain when his opponent offered an instruction upon the same issue and the court upon his objections declined to give it.

McKENZIE & SMITH and IRA D. SMITH for appellant.

JOHN D. SHAW, HUNTER & WOOD, BREATHITT & BREATHITT and J. B. ALLENSWORTH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action, filed in the Christian circuit court by appellee and plaintiff below, Lester Hite, against appellant and defendant below, Pennyroyal Fair Association, seeks a judgment in favor of plaintiff against the defendant for the sum of $1,006.00, the alleged value of an automobile and certain attachments thereto, which plaintiff claims to have parked within the enclosed fair grounds of defendant in the city of Hopkinsville, Kentucky, on

August 30, 1919, it being the last day of the fair exhibition given by it for that year, and for which he paid defendant the sum of twenty-five (25) cents. In addition to the foregoing facts it was alleged in the petition that the automobile and its attachments were placed in the fair grounds at a point designated by the agents of defendant and that they were stolen and taken away and never recovered by plaintiff, all of which, as alleged, resulted from the negligence and carelessness of defendant in not properly watching after and protecting the property while in its charge as bailee as alleged. Before the demurrer filed to the petition was acted on plaintiff filed an amended petition in which he pleaded a special contract made with him at the time he placed his automobile within the fair grounds that in consideration of the charged fee the defendant would safely look after and keep the property thus put in its custody.  By agreement of parties the demurrer theretofore filed to the original petition was directed to it as amended and it was overruled, to which exceptions were taken.  The answer was a denial of the material averments of the petition as amended and upon trial the jury returned a verdict in favor of plaintiff for the amount sued for, upon which judgment was rendered, and defendant's motion for a new trial was overruled and it prosecutes this appeal.

A number of alleged errors are incorporated in the motion for a new trial, but the principal one argued on the appeal is that the verdict is not sustained by the evidence and defendant's motion for peremptory instruction should have been given.  There is also some complaint directed at the instructions of the court, but it is contended by counsel for plaintiff that none of them can be considered since they were not properly made a part of the record.  It is conceded that no bill of exceptions incorporating the instructions as a part of the record was filed, but it is claimed that they were made such by an order of court.  An examination of the record leaves it very doubtful to our minds as to that fact.  The orders of the court show that instructions numbers 1, 2 and 3 were given to the jury to which both parties objected and excepted, and that plaintiff offered instructions "A" and "B" to the giving of which defendant objected and its objections were sustained and the court refused to give either of them.  The clerk has copied certain papers marked 1, 2 and 3, which he says were the instructions mentioned in the order of the court and likewise copied

two other papers which he says were instructions "A" and "B," offered by plaintiff and refused by the court. These papers have on them a typewritten statement with the typewritten name of the presiding judge attached thereto stating which of them were given and which refused.

There is no particular formal method by which the court may make instructions a part of the record by its order, but surely something should appear therein, other than their designation by letters or numbers, indicating that it was the purpose of the court to make them a part of the record without being incorporated in a bill of exceptions. There is nothing in the order of court in this case different from those in other cases heretofore determined in this court and in which it was held that the instructions were not properly a part of the record. When they are not so the only questions left for consideration on appeal are, whether the pleadings support the judgment, and whether the verdict of the jury is warranted by the proof. Tinsley v. White, 21 Ky. L. R. 1151; Forest v. Crenshaw, 81 Ky. 51; Mudd v. Shroader, 152 Ky. 696; Gardner v. Alexander, 159 Ky. 713, and C., N. O. & T. P. Ry. Co. v: Dungan, 162 Ky. 36. Viewing the case in this light it cannot be successfully contended but that the pleadings and the proof sustain the verdict and judgment.

If, however, we should pass this point and treat the case as though the instructions were properly a part of the record we would then be compelled under the rules of appellate practice to affirm the judgment. The court in the instructions claimed to be a part of the record, and which it is insisted were given to the jury, did not submit to it defendant's liability as a common law bailee, but submitted only the issue as to the alleged special contract to safely keep the automobile and its attachments. Plaintiff and three witnesses who were in the automobile with him at the time testified positively to the special contract relied on. No one positively denied that contract, but all of those whom defendant claimed were gatekeepers at the time testified that they had no instructions to make such a contract, and some of them stated that they had no recollection of doing so, but the greater number of them absolutely denied having done so; none of them, however, remembered about plaintiff taking his automobile into the fair grounds on the day in question, nor did plaintiff or any of his witnesses recog-

nize any of the gatekeepers as the one with whom the special contract was made. Under this state of the testimony it is contended that the peremptory instruction should have gone because no specific authority was shown for the making of any such contract by the gatekeeper. The trouble with this contention is that it overlooks the rule of law that a principal cannot be excused because of secret limitations upon the authority of his agent, since he is liable to third persons without notice of the limitation for the acts of his agent within the apparent scope of his employment, and it requires no argument to show that it was within the apparent scope of the gatekeeper's employment, whose duty it was to, and who did collect the entrance fee as well as the charges for taking the property into the grounds, to make the special contract relied on. He was the sole representative of the defendant present at the time and plaintiff was at liberty to either take or not take his automobile into the fair grounds upon the terms proposed by the association through its representative on the spot, and whose undoubted duty it was to negotiate with reference thereto. Whatever contract, therefore, the defendant (principal) could make, with reference to the subject matter, its agent having charge of such matters could also make and his contract so made with third persons having no knowledge of his limited authority would be binding on defendant.

In 3 R. C. L. 78, a classification of bailments is given, one of which is named "depositum," and it includes the mere leaving of goods in the possession, care or control of another even without compensation. Whatever else, therefore, may be said as to the relationship existing between plaintiff and defendant, even without any special contract, there was certainly created some kind of bailment relationship between plaintiff and defendant. Since, however, the court did not submit to the jury the defendant's common law liability as bailee without any special contract we will not undertake to analyze the law of bailments in order to classify this case or define the rights of the parties thereunder. In the work last referred to, and on page 92, as well as in 6 Corpus Juris, 1111, it is stated that "A bailee may enlarge his legal responsibility by contract express or fairly implied. Thus, by special contract, a bailee may assume the liability of an insurer." And on page 95 of the volume of R. C. L. the principle is stated that the amount of com-

pensation for the special contract is immaterial, the only requisite being that the parties agreed to it. Such being the state of the law the only question for the jury to determine was whether the special contract was made, and, as we have heretofore seen, there was abundant testimony to authorize such a finding.

It is insisted, however, that in the paper marked instruction number 2 as given the court erred in directing a verdict for the defendant if the jury believed from the evidence ''that the said car was not lost or stolen through any fault or negligence upon the part of said defendant, its agents, servants or employes,'' without defining the character of negligence for which it would be responsible. At least two answers may be made to this criticism of the instruction; the first of which is that the quoted language made the instruction more favorable to the defendant than it was entitled to, for if the special contract existed (and which was the sole theory upon which the case was submitted), defendant would be liable regardless of its negligence or carelessness in the matter. The other one is that one of the instructions, claimed to have been offered by plaintiff, undertook to define the necessary care the absence of which would constitute negligence on the part of the defendant and its counsel objected to the giving of that instruction, which objections were sustained and the instruction refused. This reason, and the further one that the defendant asked no instruction upon the subject, prevents it from now raising the question in this court even if the alleged error was one committed against and was one prejudicial to his interest, which, as we have seen, is not true.

It may be that it is quite improbable that defendant's agent would enter into a special contract with only one patron of the defendant, as is claimed, but that was a question for the determination of the jury in the light of the evidence and we are not prepared to say that the positive testimony of four witnesses, three of whom are disinterested, was not sufficient to overcome both the improbability and the other evidence introduced by defendant.

Upon the whole case there seems to be no error authorizing us to reverse the judgment and it is, therefore, affirmed.