# Ben Humpich Sand Co. v. Moore et al.

(Decided Feb. 20, 1934.)

JOSEPH J. HANCOCK and MICHAEL M. HELLMANN for appellant.

J. H. HOLLADAY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Clarence A. Moore and his wife, Swonie Moore, own and occupy as their residence a 30-foot lot on the west side of Crittenden drive in the city of Louisville, and extending back of equal width for a distance of about 104 feet. In the rear of their property is a 10-foot alley which runs from Barbee street south, a distance of 285 feet, to another 10-foot alley, which runs east and west. The front part of the Moore lot is so high that an automobile or truck cannot be driven in the front way, and the alley in the rear is the only means of egress and ingress for vehicles.

Matilda A. Humpich, trading and doing business under the name of Ben Humpich Sand Company, owns a lot on the west side of the alley in the rear of the Moore premises. This lot, on which there are no improvements, is used as a sand pit, or sand quarry, by the sand company. During the latter part of the year 1930, and the first part of the year 1931, the sand company, in digging sand from its own lot, excavated the

alley in the rear of the Moore premises, and for several feet beyond, to a depth of 10 or 12 feet, thereby destroying all means of ingress and egress, and removing the lateral support from the Moore lot.

Thereafter the Moores brought this suit against the sand company to recover damages. The court instructed on both permanent and temporary injury. The jury awarded the Moores temporary damages in the sum of $500. The sand company appeals.

It is first insisted that appellant's motion for a peremptory instruction should have been sustained. The basis of this claim is that the petition as amended sought damages for a permanent injury or nuisance, and therefore was not sufficient to sustain a claim for temporary damages. It doubtless is true that a petition seeking damages only for a temporary injury will not authorize the introduction of evidence of, or support a recovery for, a permanent injury, Chesapeake & Ohio Ry. Co. v. Childers, 214 Ky. 361, 283 S. W. 113; but the converse of the rule does not necessarily follow. The basis of the rule is that relief beyond what is asked may not be proved or obtained, but there is no reason why one may not have less relief than he asks. In the very nature of things a permanent injury is greater than, and includes, a temporary injury, and we are constrained to hold that, under a petition seeking damages for a permanent injury, a recovery of damages for a temporary injury may be had.

Another ground on which it is claimed a peremptory should have gone is that the evidence was insufficient to show that appellant authorized the digging away of the alley. It was not necessary to show that appellant authorized the particular act. In most cases where the master has been held liable for the negligent or tortious act of the servant, the servant acted. not only without express authority to do the wrong, but in violation of his duty to the master. In general it is sufficient to make the master responsible that he gave to the servant an authority, or made it his duty to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. In that case the master will be deemed to have consented to, and have authorized, the act of the servant, and he will

not be excused from liability on the ground that the servant abused his authority, or inflicted an unnecessary injury in executing his master's orders. Robards v. P Bannon Sewer Pipe Co., 130 Ky. 380, 113 S. W. 429, 18 L. R. A. (N. S.) 923, 132 Am. St. Rep. 394. Here appellant's servants, while engaged in digging sand from her lot, excavated and removed the dirt from the alley. In doing this they were not acting for themselves, but were engaged in the furtherance of appellant's business, and in the execution of work which they had been employed to perform. In the circumstances appellant cannot escape liability on the ground that she did not expressly authorize them to go beyond the limits of her own lot.

Another contention is that, prior to the excavation, the alley was practically impassable, and nothing more than nominal damages should have been allowed. On this question, however, the evidence was conflicting, and the extent of the injury was a question for the jury.

The instructions submitted to the jury the question whether the excavation of the alley was a temporary or permanent obstruction, and it is insisted that the court erred in not defining these terms. In reply to this contention it is sufficient to say that, in the absence of a request, the failure of the court to define the meaning of the words used in an instruction is not error. Cincinnati, N. O. & T. P. R. Co. v. Cecil, 90 S. W. 585, 28 Ky. Law Rep. 830; Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278; Louisville & N. R. Co. v. Fowler, 123 Ky. 450, 96 S. W. 568, 29 Ky. Law Rep. 905; Louisville & E. R. Co. v. Vincent, 96 S. W. 898, 29 Ky. Rep. 1049; Pennyroyal Fair Ass'n v. Hite, 195 Ky. 732, 243 S. W. 1046.

Judgment affirmed.